# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 2341 | **DATE** | October 9, 2012 |
| **CASE TITLE** | Larry Maurice Banks (##2011-0711085) vs. Cook County, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion to reinstate the case and amend his complaint [12 & 16] are granted. Plaintiff's second amended complaint [15] is accepted. The Clerk is directed to reinstate the case. The Clerk shall also: (1) dismiss Defendant Toni Prekwinkle; (2) issue summonses for service of the second amended complaint [15] as to Defendant Sheriff Tom Dart and Cook County; (3) attach a Magistrate Judge Consent Form to the summonses for Defendant Dart and Cook County; (4) send Plaintiff said Form and Instructions for Submitting Documents along with a copy of this order; and (5) amend the caption of the docket to Banks v. Cook County, et al. Plaintiff's "motion explaining the suit" [14] is terminated as a pending motion for the reasons described below.

■[For further details see text below.]

Docketing to mail notices.

# STATEMENT

   Plaintiff, Larry Maurice Banks, a pretrial detainee at Cook County Jail, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Court dismissed the complaint for failure to state a claim, with leave to amend. Plaintiff's original complaint alleged that the water the Jail receives from the City of Chicago via Lake Michigan is unsafe and was causing him medical problems. Plaintiff then moved to dismiss the suit and assert new claims against new parties. The Court dismissed the case pursuant to Fed. R. Civ. P. 41(a)(1)(A) and struck Plaintiff's amended complaint, because he cannot dismiss a case and assert different claims against new parties in the same lawsuit by filing an amended complaint. Plaintiff now seeks to reopen the case and has submitted a second amended complaint.
   The Court has reviewed the second amended complaint as required by 28 U.S.C. § 1915A. Plaintiff alleges that the water at the Jail comes out brown and is not safe to drink. He alleges that he has broken out in rashes, dry mouth, and boils due to the water. He alleges that responses to his grievances have not been responsive and have merely stated that the water comes from Lake Michigan. Plaintiff alleges that he has had the water tested and that the test results show that the water contains "different poisons." Plaintiff no longer alleges that all of the water from Lake Michigan is unsafe for drinking. Instead, it appears that Plaintiff is alleging that the water within the Jail is not fit to drink. Because it is plausible that some defect at the Jail is causing contamination of the water, the Court concludes that Plaintiff has stated a claim.
   Plaintiff has sued Cook County, Sheriff Thomas Dart, and Cook County Board President Toni Preckwinkle. President Preckwinkle is not liable for the actions of the Sheriff's Department, which runs the Jail. Illinois law provides that the Cook County Department of Corrections is a department within the office of the Cook County Sheriff. *See* 55 ILCS 5/3-15002 and 15003 (2004). Policies concerning jail operation "are solely under the supervision" of the Sheriff as "an independently-elected constitutional officer." *DeGenova v. Sheriff of DuPage County*, 209 F.3d 973, 976 (7th Cir. 2000). The Court therefore dismisses Preckwinkle as a Defendant.
   The Court appoints the U.S. Marshal to serve Sheriff Tom Dart and Cook County with summons and the second amended complaint. The Marshal will send Plaintiff any forms necessary to enable him to serve the Defendants. The Marshal is directed to make all reasonable efforts to serve Defendants. The Marshal may mail a request for waiver of service to Defendants as prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.
   Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must include the original and a judge's copy of all filings. In addition, Plaintiff

**STATEMENT**

must send an exact copy of any filing to Defendants or, if represented by counsel, to counsel for Defendants. Plaintiff must include on the original filing a certificate of service stating to whom exact copies were mailed and the date of mailing. Plaintiff must also insure all pleadings, written motions, and other papers submitted to the Court are signed pursuant to Fed. R. Civ. P. 11(a). Any paper that is sent directly to the judge or otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

      Plaintiff has filed a "motion explaining the suit." In that motion, Plaintiff asks to have this case reassigned to Judge Holderman, who is presiding over another suit that Plaintiff believes asserts the same claims. The Court has ascertained that the other suit is Case No. 11 C 7985, *Jamison v. Cook County*. The allegation in that case, at least at this point, is that the water at the Jail contains unsafe levels of lead. If Plaintiff wants to join the *Jamison* suit, he should file a motion in that case. And if Plaintiff wants this case reassigned, the appropriate procedure under N.D. Ill. Local Rule 40.4 is to file a motion in the lower-numbered case (which would be Case No. 11 C 7985) asking the judge in that case to seek reassignment of the higher-numbered case on the ground that the two are related. The Court expresses no opinion regarding whether the two cases qualify as related cases under LR 40.4; that would be an issue for Judge Holderman to decide. The Court therefore terminates plaintiff's "motion explaining the suit."